# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:10-CV-281

| | |
|---|---|
| DANITA MITCHELL, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| RICHARD BONER, CALVIN MURPHY,<br>YVONNE MIMS-EVANS, SEAN PERRIN,<br>MARILYN PORTER, LINWOOD FOUST,<br>PETER GILCHRIST, MICHAEL STADING,<br>JAMES MORGAN, JULIE ADAIR,<br>KENNETH COOPER, JOSEPH FORBES,<br>and ALBERT DIAZ, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**ORDER**

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint filed June 24, 2010 under 42 U.S.C. § 1983. (Doc. 1.) Plaintiff complains of various abuses that occurred during her previous criminal trial. She alleges, *inter alia*, that her right to counsel, right to appear, right to a speedy trial was denied. After careful consideration by the Court, the Plaintiff's Complaint is **DISMISSED** for the reasons set forth herein.

Plaintiff's *in forma pauperis* Complaint is fashioned as a standard form 42 U.S.C. §§ 1983, 1985 complaint. Section 1983 provides a cause of action to any person whose civil rights are deprived under color of state law. 42 U.S.C. § 1983 (2006). Similarly, section 1985 imparts a cause of action to any person whose civil rights were violated by a conspiracy. *Id.* § 1985. Plaintiff's Complaint also cites various criminal statutes—namely 18 U.S.C. §§ 241, 242, 14141—as alternative bases of jurisdiction.

Plaintiff's ability to proceed *in forma pauperis* is governed by statute, which allows "any court of the United States [to] authorize the commencement . . . of any suit . . . without prepayment of fees . . . by a person who submits an affidavit . . . [stating that] the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1). There are, however, limits to proceeding *in forma pauperis*. In particular, "the court *shall* dismiss the case at any time the court determines that . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B) (emphasis added).

The Court takes judicial notice that Plaintiff has, in a previous civil action—Order, *Mitchell v. Loven*, No. 3:10-CV-275 (W.D.N.C. June 29, 2010)—sued attorneys, judges, and sheriffs who participated in her previous criminal trial and subsequent incarceration. In that frivolous civil action, Plaintiff asserted constitutional claims that were "far too conclusory to state a constitutional claim for relief." *Id.* at 3.

In this action, Plaintiff once again makes a series of conclusory claims against attorneys, judges, and sheriffs who participated in her trial where she was convicted. These claims are facially frivolous and malicious. Also, Plaintiff must seek direct review before attacking her conviction on constitutional grounds under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) ("A claim for damages [based on a wrongful] conviction or sentence that has not been . . . invalidated is not cognizable under § 1983."). Accordingly, the Court need not address the doctrine of judicial immunity, which immunizes members of the judiciary from § 1983 liability. *Cf. Pierson v. Ray*, 386 U.S. 547, 554–55 (1967).

**THEREFORE**, Plaintiff's Complaint is hereby **DISMISSED**.

**IT IS SO ORDERED.**

Signed: July 15, 2010

Graham C. Mullen
United States District Judge